# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SEBASTIAN REY ARIAS,<br><br>Petitioners,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-01014-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS, DENY MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AS MOOT, AND DIRECT RESPONDENT TO PROVIDE PETITIONER WITH BOND HEARING BEFORE IMMIGRATION JUDGE<br><br>(ECF Nos. 1, 19, 20)<br><br>ORDER DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 16, 17) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

For the reasons set forth herein, the undersigned recommends granting the petition for writ of habeas corpus and ordering that Respondents provide Petitioner with an individualized bond hearing before an immigration judge at which the government must justify Petitioner's continued detention by clear and convincing evidence.

## I.

## BACKGROUND

Petitioner is a citizen of Colombia who entered the United States on September 10, 2023, and was apprehended by a Border Patrol agent. On October 5, 2023, Petitioner was issued a

notice to appear and released from custody. Petitioner was approved for an employment authorization document. (ECF No. 10-1 at 2, 3.[1])

Petitioner came to the attention of U.S. Immigration and Customs Enforcement ("ICE") on November 28, 2025, after he was arrested for assault and battery. ICE lodged a detainer and administrative warrant with the court and when Petitioner was released on personal recognizance, Petitioner was transferred to ICE custody. (ECF No. 10-1 at 3.)

On February 5, 2026, Petitioner filed the instant petition for writ of habeas corpus raising a prolonged detention due process claim. (ECF No. 1.) The Court construed the petition as also raising a due process claim regarding Petitioner's re-detention and challenging the statutory authority for Petitioner's detention. (ECF No. 8.) On February 23, 2026, Respondents filed a response, and Petitioner filed a reply on May 15, 2026. (ECF Nos. 10, 18.) On June 9, 2026, Petitioner filed motions for temporary restraining order and preliminary injuncti8on, which were referred to the undersigned. (ECF Nos. 19–21.)

**II.**

**DISCUSSION**

Given that the petition and the motions for temporary restraining order and preliminary injunction challenge Petitioner's detention and seek identical relief, and for purposes of judicial efficiency, the undersigned recommends "advanc[ing] the trial on the merits and consolidat[ing] it with" the motion for preliminary injunction. Fed. R. Civ. P. 65(a)(2). See Dzhabrailov v. Decker, No. 20-CV-3118 (PMH), 2020 WL 2731966, at *4 (S.D.N.Y. May 26, 2020) (considering preliminary injunction and merits of habeas petition simultaneously). See also 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [a petitioner's habeas petition] as law and justice require.").

**A. Applicability of 8 U.S.C. § 1226(c)(1)(E)**

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings": 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). Here, Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(E), which provides that the "Attorney General shall take into custody any alien who… (i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E). Section 1226(c) "specif[ies] that the Attorney General 'may release' one of those aliens '*only if* the Attorney General decides' both that doing so is necessary for witness-protection purposes and that the alien will not pose a danger or flight risk." Jennings v. Rodriguez, 583 U.S. 281, 303 (2018) (emphasis in original).

Respondents argue that "section 1226(c)(1)(E) mandates Petitioner's detention because he is present without being admitted or paroled and because he was arrested for strangulation causing serious bodily injury," (ECF No. 10 at 3), which is a "crime that results in death or serious bodily injury to another person," 8 U.S.C. § 1226(c)(1)(E). Petitioner contends that the criminal court docket reflects that both charges have been dismissed without prejudice for failure to prosecute. (ECF No. 18 at 2.)

To avoid "serious due process concerns," "courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes[.]" Singh v. Chestnut, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026). "[C]ourts have found that this provision ceases to apply when charges . . . are dropped or dismissed." Singh v. Wofford, No. 1:26-CV-01161-KES-EPG (HC), 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026). "The statute's 'use of the present tense is conspicuous and important.'" Id. (quoting Helbrum v. Williams Olson, No. 4:25-CV-00349-SHL-SBJ, 2025

WL 2840273, at *5 (S.D. Iowa Sept. 30, 2025)). "'By using the present tense, § 1226(c)(1)(E)(ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute[,]' such as by a conviction." Singh, 2026 WL 972547, at *2 (quoting Helbrum, 2025 WL 2840273, at *5–6).

Here, Petitioner has submitted a copy of the docket of his state criminal case, which reflects that both charges were dismissed without prejudice for failure to prosecute on January 22, 2026. (ECF No. 18 at 34.) Accordingly, the undersigned recommends finding that Petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E).

**B. Due Process**

"[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas at 690. In Morrissey v. Brewer, 408 U.S. 471 (1972), the Supreme Court addressed whether due process requires a parolee be afforded some opportunity to be heard prior to revocation of parole. 408 U.S. at 472. In examining "the nature of the interest of the parolee in his continued liberty," the Supreme Court stated:

> The liberty of a parolee enables him to do a wide range of things open to persons who have never been convicted of any crime. The parolee has been released from prison based on an evaluation that he shows reasonable promise of being able to return to society and function as a responsible, self-reliant person. Subject to the conditions of his parole, he can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life. Though the State properly subjects him to many restrictions not applicable to other citizens, his condition is very different from that of confinement in a prison. . . . The parolee has relied on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions.

Morrissey, 408 U.S. at 482. The Supreme Court found "that the liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others" and held that "the liberty is valuable and must be seen as within the protection of" due process. Morrissey, 408 U.S. at 482.

Relying on Morrissey, courts in this district have consistently held that noncitizens who have been released from immigration custody pending civil removal proceedings have a protected liberty interest in remaining out of immigration custody. See, e.g., Doe v. Becerra, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025); J.A.E.M. v. Wofford, No. 1:25-cv-01380-KES-HBK (HC), 2025 WL 3013377, at *3–6 (E.D. Cal. Oct. 27, 2025); J.C.L.A. v. Wofford, No. 1:25-cv-01310-KES-EPG (HC), 2025 WL 2959250, at *3–5 (E.D. Cal. Oct. 17, 2025); Qazi v. Albarran, No. 2:25-cv-02791-TLN-CSK, 2025 WL 3033713, at *4 (E.D. Cal. Oct. 10, 2025); Martinez Hernandez v. Andrews, No. 1:25-cv-01035 JLT HBK, 2025 WL 2495767, at *10 (E.D. Cal. Aug. 28, 2025); Yang v. Kaiser, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778, at *8 (E.D. Cal. Aug. 20, 2025); Maklad v. Murray, No. 1:25-cv-00946 JLT SAB, 2025 WL 2299376, at *7–8 (E.D. Cal. Aug. 8, 2025).

Accordingly, the undersigned recommends granting the petition on the construed claim challenging Petitioner's re-detention for the reasons stated in Clene C.D. v. Robbins, No. 1:25-cv-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); R.A.N.O. v. Wofford, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); Bilal A. v. Wofford, No. 1:25-cv-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); Elmer Joel M. C. v. Wofford, No. 1:25-cv-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Omer G. G. v. Kaiser, No. 1:25-cv-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025); W.V.S.M. v. Wofford, No. 1:25-cv-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

Courts in this district have taken differing approaches to the relief granted to petitioners who have been released, subsequently re-detained, and denied bond hearings in violation of due process. In some cases, the immediate release of the petitioner has been ordered. See, e.g., Yurani Hortua v. Chestnut, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 (E.D. Cal. Dec. 9, 2025) (ordering immediate release of petitioner who had been released from immigration detention on parole, was arrested for theft but the case was resolved with community service and did not result in a conviction, and was re-detained at a routine six-month check-in); Carmen G.C. v. Robbins, No. 1:25-cv-01648-KES-HBK (HC), 2025 WL 3521304 (E.D. Cal. Dec. 8, 2025)

(ordering immediate release of petitioner who allegedly violated reporting requirements four times); Rocha Chavarria v. Chestnut, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) (ordering immediate release of petitioner who allegedly "incurred compliance violations" that were not identified and where respondents did not suggest the alleged violations were the reason for petitioner's re-detention).

In other cases, bond hearings have been ordered rather than immediate release. See, e.g., J.E.H.G. v. Chesnut, No. 1:25-cv-01673-JLT SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements numerous times and was re-detained based on said violations); Paz Aguilera v. Albarran, No. 1:25-cv-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements one time and was re-detained based on said violation); Sharan S. v. Chestnut, No. 1:25-cv-01427-KES-SKO (HC), 2025 WL 3167826 (E.D. Cal. Nov. 12, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements eight times).

The undersigned recommends finding that a post-deprivation hearing is the appropriate remedy. See Bohorquez v. Warden, California City Det. Facility, No. 1:26-CV-03025-KES-EPG, 2026 WL 1652878 (E.D. Cal. June 8, 2026) (ordering bond hearing instead of immediate release for petitioner who was re-detained by immigration officials following an arrest by local law enforcement); Galvan v. Warden of the Golden State Annex Det. Facility, No. 1:26-CV-03421-KES-HBK (HC), 2026 WL 1584660 (E.D. Cal. June 3, 2026) (same).[2]

**C. Motion to Appoint Counsel**

Petitioner has moved for appointment of counsel. (ECF Nos. 16, 17.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To

[2] In light of this conclusion, the Court declines to address Petitioner's prolonged detention due process claim.

determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In light of the Court's conclusion that Petitioner is entitled to habeas relief, the undersigned will deny Petitioner's motion for appointment of counsel.

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED on the construed due process claim challenging Petitioner's re-detention and the statutory authority for Petitioner's detention;
2. Petitioner's motions for temporary restraining order and preliminary injunction (ECF Nos. 19, 20) be DENIED as moot;
3. Respondents be enjoined and restrained from continuing to detain Petitioner pursuant to 8 U.S.C. § 1226(c)(1)(E); and
4. Respondents be directed to provide Petitioner with a bond hearing before an immigration judge that complies with the requirements set forth in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), at which
    a. "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," Singh, 638 F.3d at 1203, and
    b. the immigration judge should consider Petitioner's financial circumstances or alternative conditions of release in the event Petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond. Hernandez v. Sessions, 872 F.3d 976, 1000 (9th Cir. 2017).

Further, the undersigned HEREBY ORDERS that Petitioner's motions for appointment of counsel (ECF Nos. 16, 17) are DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 5, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE