UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SEBASTIAN REY ARIAS (A-Number: 241-422-181),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-01014-KES-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Docs. 1, 19, 20, 22, 23 |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 5, 2026, the assigned magistrate judge issued findings and recommendations that recommended: granting the petition, finding that 8 U.S.C. § 1226(c)(1)(E) did not apply to petitioner and enjoining respondents from continuing to detain petitioner pursuant to that statute, and ordering respondents to provide petitioner with a bond hearing. Doc. 22. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service. Respondents timely filed objections. Doc. 24.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections, the Court concludes that the

findings and recommendations are supported by the record and proper analysis. Respondents argue that petitioner is subject to detention pursuant to 8 U.S.C. § 1226(c)(1)(E), but they concede that the criminal charges against petitioner have been dismissed. Doc. 24 at 1. Under 8 U.S.C. § 1226(c)(1)(E), "detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute[,] such as by a conviction." *Singh v. Wofford*, No. 1:26-CV-01161-KES-EPG (HC), 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026) (internal quotation marks and citation omitted). The findings and recommendations correctly reasoned that petitioner is no longer subject to detention pursuant to 8 U.S.C. § 1226(c)(1)(E) because the charges against petitioner have been dismissed.

Respondents also argue that at any bond hearing, petitioner should bear the burden of establishing that he is not a danger or a flight risk. *See* Doc. 24 at 1–3. At an *initial* § 1226(a) hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (quoting *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)). But when, as here, a noncitizen has previously been released following a determination that he is not a flight risk or danger to the community, and then is subsequently re-detained, due process requires a bond hearing at which the government bears the burden of proving by clear and convincing evidence that the noncitizen is a flight risk or danger to the community. *See, e.g.*, *Chateauneuf v. Chestnut*, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026) ("Where a noncitizen had previously been released from ICE detention, indicating ICE determined the noncitizen was neither a flight risk nor a safety risk to community, this court has found that the government bears the burden of justifying the noncitizen's re-detention without bond . . . ."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (same); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1093 (N.D. Cal. 2025) (same).

Courts have required that the burden be on the government because the noncitizen's "initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025

WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025). "Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Id.*

*Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) is not to the contrary. There, the court upheld § 1226(a)'s procedures as applied at an initial custody determination. But here, unlike the petitioner in *Rodriguez Diaz*, petitioner was initially released following a finding that he was not a flight risk or danger. And "*Rodriguez Diaz* [] does not limit the Due Process rights of those petitioners whom the government had already voluntarily released." *Andudia-Carillo v. Albarran*, No. 25-CV-10380-VC, 2025 WL 4479434, at *1 (N.D. Cal. Dec. 17, 2025); *see also Rodriguez Diaz*, 53 F.4th at 1213 ("[W]e do not foreclose all as-applied challenges to § 1226(a)'s procedures" because "[d]ue process is a flexible concept that varies with the particular situation.").

The Court ORDERS:

1. The findings and recommendations issued on August 5, 2026, Doc. 22, are ADOPTED in full.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED on the construed claims challenging petitioner's detention and the statutory authority of petitioner's detention.
3. Respondents are ENJOINED and RESTRAINED from continuing to detain petitioner pursuant to 8 U.S.C. § 1226(c)(1)(E).
4. Respondents are ORDERED to provide petitioner David Sebastian Rey Arias (A-Number: 241-422-181) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney,

his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within fourteen (14) days, then respondents must release him.

5. Petitioner's motions for temporary restraining order and preliminary injunction, Docs. 19, 20, are DENIED as moot.
6. Petitioner's motion to expedite, Doc. 23, is TERMINATED.
7. The Clerk of Court is directed to serve California City Detention Center with a copy of this Order.
8. The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated: August 30, 2026

UNITED STATES DISTRICT JUDGE